IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TELINIT TECHNOLOGIES, LLC § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SEGA OF AMERICA, INC. § <br> SEGA CORPORATE; § <br> SEGA EUROPE LTD.; AND § <br> HARDLIGHT STUDIO. § <br> § <br> § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:14-cv-1084 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Telinit Technologies, LLC ("Telinit"), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent defendants SEGA of America, Inc., SEGA Corporate, SEGA Europe Ltd., and Hardlight Studio (collectively, "Defendants" or "SEGA") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Telinit, from U.S. Patent No. 7,016,942 (the "'942 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorneys' fees, and costs.

## THE PARTIES

2. Plaintiff, Telinit is a Texas corporation with its principal place of business at 214 W. Fannin St., Suite 16, Marshall, Texas 75670.

3. Upon information and belief, SEGA Corporate is a company organized under the laws of Japan with its principal place of business at Canal Side Building, 1-39-9, Higashi-Shinagawa, Shinagawa-ku, Tokyo, 140-8583, Japan.

4. Upon information and belief, SEGA of America, Inc., is a company organized under the laws of California with its principal place of business at 350 Rhode Island Street Suite 400 San Francisco, CA 94103. Upon information and belief, SEGA of America, Inc. is a subsidiary of SEGA Corporate.

5. Upon information and belief, SEGA Europe Ltd., is a company with its principal place of business at 27 Great West Road, Brentford, Middlesex, TW8 9BW. Upon information and belief, SEGA Europe Ltd. is a subsidiary of SEGA Corporate.

6. Upon information and belief, Hardlight Studio is a company with its principal place of business at Victoria Court, 8 Dormer Place, Leamington Spa, Warwickshire, CV32 5AE. Upon information and belief, Hardlight Studio is a subsidiary of SEGA Corporate.

7. SEGA is in the business of developing, distributing and/or selling software that enables user access to video games through a network from an initial client/server connection to direct client-to-client communication, including but not limited to the video game "Sonic The Hedgehog 2," throughout the United States, including within this judicial jurisdiction.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

9. This Court has personal jurisdiction over SEGA by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Telinit, and the cause of action Telinit has risen, as alleged herein.

10. SEGA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

11. SEGA has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that infringe the '942 patent.

12. Specifically, SEGA solicits business from and markets its products to consumers within Texas by offering to set connections for potential Texas consumers enabling them to communicate with SEGA's websites and applications through the Internet.

13. In addition to SEGA's continuously and systematically conducting business in Texas, the causes of action against SEGA are connected (but not limited) to SEGA's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including SEGA's making, using, offering for sale, or selling products and services for network-based client/server connectivity (dynamic hosting) systems which include features that fall within the scope of at least one claim of the '942 patent.

14. Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**JOINDER**

15. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the '942 patent with respect to the same products which employ a network of computers that channel data using both an initial client-to-server connection and then a direct player-to-player communication including, but not limited to, "Sonic The Hedgehog 2."

16. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the '942 patent, and what reasonable royalty will be adequate to compensate the owner of the '942 patent for their infringement.

17. Defendants use, make, sell, offer to sell and/or import products that, when used, infringe on the '942 patent.

18. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, or selling of the same accused product and/or process.

**FACTUAL ALLEGATIONS**

19. On March 21, 2006, the United States Patent and Trademark Office (USPTO) duly and legally issued the '942 patent, entitled "Dynamic Hosting" after a full and fair examination.

20. Telinit is presently the owner of the patent, having received all right, title and interest in and to the '942 patent from the previous assignee of record. Telinit possesses all rights of recovery under the '942 patent, including the exclusive right to recover for past infringement.

21. The 942 patent is valid and enforceable.

22. The '942 patent contains four independent claims and 24 dependent claims. SEGA commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '942 patent, and also makes, uses, sells and/or offers to sell products that encompass at least one claim of the '942 patent.

23. The invention claimed in the '942 patent includes a computer-implemented method for channeling data through a network from an initial server or client connection to direct communication between two client computers.

24. The method includes at least two computers connecting through a network to a static server which can be accessed through a predesignated address. The computers can be identified as a first computer ("First Computer") and a second computer ("Second Computer").

25. The before mentioned computers establish a communication session with the static server at a time in which both computers are not presently communicating with each other. Once that connection with the static server is established, the First Computer transmits initial data to the Second Computer through the static server.

26. Afterwards, and while maintaining network connectivity to said static server, the First Computer directly transmits a second data to said Second Computer without said static server intervening.

27. Alternatively, the method includes the above mentioned steps and a static server evaluating at least one operational characteristic of the First Computer, where the static server selects said First Computer as a dynamic host.

28. The method may include other additional steps and variations accounted for in the various independent and dependent claims of the '942 patent.

## THE INFRINGING PRODUCTS

29. The infringing products, including, but not limited to, "Sonic The Hedgehog 2" (the "Infringing Products"), use a real-time multiplayer API to connect multiple players in a single game session and transfer data messages between connected players.

30. The Infringing Products employ a network of computers that channel data (video games) using both an initial client-to-server connection and then a direct player-to-player (client-to-client) communication.

31. In the Infringing Products, before a real-time multiplayer game session can occur, client computers must be signed in to the video game. In requesting a match, client computers, such as mobile devices and tablet computers, connect through a network to a match-making server that looks for other participants who are also requesting to be auto-matched. During this process, client computers share data with the server letting the server know they want to join a real-time multiplayer room. By doing so, client computers also give the server information about themselves, including their IP address. The match-making server utilized by the Infringing

Products facilitates "anonymous" match-making, indicating that client computers are not communicating with each other prior to being connected via the match-making server.

32. After finding players for a game session, a peer-to-peer mesh network between participants is set up. The clients of the peer-to-peer mesh network form a connected set of participants. Thus, the connected set of participants' acts as a list of client computers that allows for direct communication between the client computers in the connected set. This occurs in the Infringing Products, for example, when one player receives game data, such as the position of the other player's character, directly rather than through the server. While the game is on-going, the peer-to-peer mesh network maintains communication with the match-making server to keep track of participants and room state information.

33. SEGA designs, develops and sells the Infringing Products. SEGA does not allow users to edit and/or modify the object code of the Infringing Products. As such, SEGA directs or controls the execution of each and every step in the Infringing Products.

## INFRINGEMENT OF THE '942 PATENT

34. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 33.

35. SEGA directly infringes one or more claims of the '942 patent by making, using, selling, offering to sell and/or importing the Infringing Products in violation of 35 USC § 271(a). For example, SEGA directly infringes at least Claim 1 of the '942 patent.

36. SEGA further directly infringes by performing all of the steps, either directly or by controlling a third party, of at least Claim 1 of the '942 patent.

37. SEGA has committed these acts of infringement without license or authorization.

38. As a result of SEGA's infringement of the '942 patent, Telinit has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for SEGA's past infringement, together with interests and costs.

39. Telinit will continue to suffer damages in the future unless SEGA's infringing activities are enjoined by this Court. As such, Telinit is entitled to compensation for any continuing and/or future infringement up until the date that SEGA is finally and permanently enjoined from further infringement.

40. Telinit has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting SEGA, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with it from directly infringing the '942 patent.

## DEMAND FOR JURY TRIAL

41. Telinit demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Telinit prays for the following relief:

1. That SEGA be adjudged to have infringed the '942 patent, directly, literally and/or under the doctrine of equivalents;

2. That SEGA, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '942 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Telinit for the SEGA's past infringement and any continuing or future infringement up until the date

that SEGA is finally and permanently enjoined from further infringement, including compensatory damages;

    4.    An assessment of pre-judgment and post-judgment interest and costs against SEGA, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

    5.    That SEGA be directed to pay enhanced damages, including Telinit's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

    6.    That Telinit have such other and further relief as this Court may deem just and proper.

Dated: December 1, 2014

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
222 N. Fredonia Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@badavisfirm.com

*Of Counsel*

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
TELINIT TECHNOLOGIES, LLC**